UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELIJAH BROWN**                                                                                **CIVIL ACTION**

**VERSUS**                                                                                          **NO. 24-0726**

**LIEUTENANT PAXTON, ET AL.**                                                      **SECTION "O"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual and Procedural Background**

Plaintiff Elijah Brown ("Brown"), an inmate housed in the Plaquemines Parish Detention Center ("PPDC"), submitted to the United States District Court for the Western District of Louisiana the captioned civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at PPDC. ECF No. 1 (Deficient Complaint). Brown did not utilize thecourt's required form complaint, pay the filing fee, or submit a pauper application with his complaint. On March 7, 2024, a Magistrate Judge of the Western District ordered Brown to correct his pleadings by April 5, 2024 and provided him with the required forms. ECF Nos. 3, 3-1, 3-2. Prior to that date, on March 19, 2024, the same Magistrate Judge transferred Brown's still-deficient case to this Court for further proceedings. ECF Nos. 4, 5.

On March 25, 2024, upon receipt of the transferred case, the Clerk of this Court sent Brown a notice of these same deficiencies which required Brown to submit his complaint on the proper form and either pay the filing fee or submit a properly completed and certified pauper application

within 21 days of the date of the notice. ECF No. 6. The complaint and pauper application forms were provided to Brown with the Notice of Deficiency. The envelope mailed to Brown at his prison address of record has not been returned as undeliverable. Brown did not respond to or comply with the deficiency notice.

On April 29, 2024, the undersigned Magistrate Judge issued an Order requiring Brown to show cause in writing by May 24, 2024, why his § 1983 complaint should not be dismissed for his failure to prosecute by failing to respond to the deficiency notice, complete and return the form complaint, and either pay the filing fee or submit a completed, certified pauper application. ECF No. 7. The envelope mailed to Brown at his prison address has not been returned as undeliverable. Brown has not responded to the show cause order, returned the form complaint, paid the filing fee, or submitted a pauper application as ordered.

**II.     Standard of Review under Fed. R. Civ. Proc. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. Proc. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III. Analysis

Brown has not replied to the Clerk of Court's deficiency notice or the Court's show cause order. He also has not returned the form complaint, paid the filing fee, or submitted a certified pauper application to initiate this suit. Brown is proceeding *pro se*, and his failure to comply with the notice and the Court's order is solely the result of his own actions or inactions. He has been given adequate opportunity to comply with the Court's prior order, and that of the Western District, and has failed to do so. His failure has resulted in the Court's inability to move forward with this case and its docket. For these reasons, Brown's §1983 civil rights complaint should be dismissed without prejudice under Fed. R. Civ. Proc. 41(b) for his failure to prosecute.

### IV. Recommendation

It is therefore **RECOMMENDED** that Elijah Brown's § 1983 civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this __4th__ day of June, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.